UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Robert Trevor-Blair Davis, Sr.,                           Case No.: 14-57324-wsd
                                                          Chapter 7
       Debtor.                                        Hon. Walter Shapero
_____/

Gregory Weatherspoon, Emergency Manager
for the Highland Park School District,

       Plaintiff

v.                                                        Adv. Pro. No.: 14-05275-wsd

Robert Trevor-Blair Davis, Sr.,

       Defendant.
_____/

## OPINION INCIDENT TO CROSS MOTIONS FOR SUMMARY JUDGMENT

### Introduction

In this nondischargeability proceeding, as pertains to the sole remaining count under 11

U.S.C. § 523(a)(6), Debtor filed a Motion for Summary Judgment (Dkt. 51) and Plaintiff Gregory

Weatherspoon, Emergency Manager for the Highland Park School District ("the EM"), filed a

cross Motion for Summary Judgment (Dkt. 55). The Court is deciding the matter without a hearing

or further proceedings, pursuant to E.D. Mich. LBR 9014-1(d).

### Background

On February 14, 2013, the Wayne County Circuit Court ("State Court") issued an order

finding that Debtor filed a frivolous suit against the EM and, pursuant to Mich. Comp. Laws §

600.2591, ordered Debtor to pay the EM's attorney fees and costs. That order stated: "Here Mr.

1

Davis' legal position was devoid of arguable legal merit and his purpose was to harass the prevailing parties." Dkt. 55 Exh. E at 2. On February 27, 2013, Davis appealed said order to the Michigan Court of Appeals and the EM filed a cross-appeal. The State Court thereafter ultimately issued an amended judgment dated April 19, 2013 ("Judgment") that, among other things, awarded the EM attorney fees in the amount of $31,566.50 and costs in the amount of $372.10, payable by Debtor. On July 24, 2014, the Michigan Court of Appeals issued an opinion that (a) affirmed the Judgment against Debtor; (b) found that sanctions should have also been issued against Debtor's attorney; and (c) remanded for proceedings consistent with that opinion. On September 4, 2014, Debtor filed an application for leave to appeal to the Michigan Supreme Court. On November 6, 2014, Debtor filed his present Chapter 7 bankruptcy case. On February 3, 2015, the Michigan Supreme Court denied Debtor's motion for leave to appeal. The EM timely filed this adversary proceeding, seeking nondischargeability pursuant to 11 U.S.C. § 523(a)(6) of a debt in the amount of $34,776.87 (presumably the amount of the State Court Judgment, together with post judgment interest). These cross motions for summary judgment followed.[1]

## Summary Judgment Standard

Fed.R.Civ.P. 56 provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Fed.R.Bankr.P. 7056. "Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The initial burden is on the moving party to demonstrate that an essential element of the non-moving party's case is lacking." *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171

---

[1] Debtor filed a Certificate of Non-Response (Dkt. 60) indicating he had received no response by the EM to Debtor's Motion for Summary Judgment. However, the Certificate of Non-Response was filed after the EM had filed such Response (Dkt. 59) and the Court treated the Response as timely.

2

F.3d 1065, 1068 (6th Cir. 1999) (internal citation omitted). The Court should draw all justifiable inferences in favor of the non-moving party and it should not determine credibility or weigh evidence. *Id.* "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis original). "There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Williams v. Leatherwood*, 258 Fed. Appx. 817, 820 (6th Cir. 2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## § 523(a)(6) Standard

Section § 523(a)(6) precludes discharge of a debt "for willful and malicious injury by the debtor[.]" Under § 523(a)(6), "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis original). "Willful" means a deliberate or intentional injury. *Id.* To establish that a defendant willfully injured it, a plaintiff must show that the defendant either acted with an actual intent to cause the alleged injury or a belief that the alleged injury was substantially certain to result from his act. *Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 483 (B.A.P. 6th Cir. 2010) (citing *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463-64 (6th Cir. 1999)). "The term malicious is defined as conduct taken in conscious disregard of one's duties or without just cause or excuse." *In re Little*, 335 B.R. 376, 383-84 (Bankr. N.D. Ohio 2005) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

3

<u>The EM's Motion for Summary Judgment</u>

The EM's Motion for Summary Judgment asserts that the findings and orders of the State Court, as affirmed by the Court of Appeals, constitute preclusive findings of "willful and malicious injury," thus satisfying the requirements of nondischargeability pursuant to § 523(a)(6). Thus he argues, pursuant to principles of collateral estoppel, Debtor is barred from now contesting or relitigating those same issues in this Court. Principles of collateral estoppel apply in § 523 nondischargeability actions and, because the judgment was rendered by a Michigan state court, the inquiry is governed by Michigan's law on collateral estoppel. *In re Livingston,* 372 F. App'x 613, 617 (6th Cir. 2010). Under Michigan law, collateral estoppel applies when:

    (1)    there is identity of parties across the proceedings,
    (2)    there was a valid, final judgment in the first proceeding,
    (3)    the same issue was actually litigated and necessarily determined in the first proceeding, and
    (4)    the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 485 (B.A.P. 6th 2010) (citing *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002)). The Court finds that the first, second, and fourth elements are clearly satisfied, and Debtor does not contest any of those elements.

The sole remaining issue is as to the third element. Michigan law provides that "an issue is 'actually litigated' if it is 'put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined.'" *Phillips*, 434 B.R. at 486 (quoting *Latimer v. William Mueller & Son, Inc.*, 149 Mich. App. 620, 640 (1986)). An issue is "necessarily determined" for purposes of Michigan law if it is "essential to the judgment." *Livingston*, 372 Fed. Appx. at 617 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)). "The inability of a court to determine the basis for the prior judgment is, by itself, enough to

4

preclude the defense of collateral estoppel." *Id.* at 618 (quoting *Restatement (Second) of Judgments* § 27 (1982)). To apply collateral estoppel, the Court must review a sufficient portion of the state court to satisfy this requirement, and need not necessarily review the entire record. *In re Wellever*, 103 B.R. 856, 859 (Bankr. W.D. Mich. 1989); *In re Wien*, 155 B.R. 479, 486 (Bankr. N.D. Ill. 1993). The Court has reviewed the above-referenced opinions and orders that are specifically germane to the basis for the entry of sanctions against Debtor, and finds that it need not, nor is required to, review any more of the recited components of the underlying record in the state courts. The remaining legal question then is whether or not the State Court actually and necessarily adjudicated and concluded that Debtor's conduct was "willful and malicious." Debtor argues that the same issues were not litigated because the State Court orders and the language of the pertinent statutes do not use terms "willful" or "malicious." The orders explicitly state (and Debtor does not dispute) that their basis is Mich. Comp. Laws § 600.2591, which provides:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.
>
> (3) As used in this section:
>    (a) "Frivolous" means that at least 1 of the following conditions is met:
>       (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>       (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>       (iii) The party's legal position was devoid of arguable legal merit.
>    (b) "Prevailing party" means a party who wins on the entire record.

This Court has recently held that a sanctions judgment rendered under Mich. Comp. Laws §

5

600.2591 is nondischargeable pursuant to § 523(a)(6) and principles of collateral estoppel. *Freeman v. Chaban,* 14-05126, Dkt. 88 (Bankr. E.D. Mich. June 10, 2015) (unpublished), *appeal docketed*, 15-cv-12361 (E.D. Mich. July 1, 2015). As noted, the February 14, 2013 State Court order finding that Debtor filed a frivolous suit and ordering him to pay the EM's costs and fees pursuant to Mich. Comp. Laws § 600.2591 stated "Here Mr. Davis' legal position was devoid of arguable legal merit and his purpose was to harass the prevailing parties." Dkt. 55 Exh. E at 2. On its face (and even ignoring the State Court's various specific factual findings), that is perforce a finding that Debtor's action was "frivolous" as defined by both § 600.2591 (3)(a)(i) and (3)(a)(iii). As to the former subsection, there is no material distinction between conduct being "purposeful" as stated by that statute versus conduct being "willful" for purposes of § 523(a)(6). *Black's Law Dictionary* (10th ed. 2014) defines "purposeful" to mean "Done with a specific purpose in mind; deliberate" and such is materially identical to the above definition of "willful." As to the "maliciousness" requirement, it cannot be seriously argued that where one's purpose was to harass another, that such conduct is not also in "conscious disregard of one's duties or without just cause or excuse." Therefore, by granting sanctions under Mich. Comp. Laws § 600.2591(3)(a)(i), the state court, as a matter of law, actually and necessarily adjudicated that Debtor caused a willful and malicious injury. Any argument by Debtor that the EM did not sustain an injury is belied by the language of the sanctions statute itself. *See* Mich. Comp. Laws § 600.2591(1) ("…the court that conducts the civil action shall award to the prevailing party the costs and fees *incurred by that party* in connection with the civil action[.]"); § 600.2591(2) ("The amount of costs and fees awarded under this section shall include all reasonable costs *actually incurred by the prevailing party*[.]") (emphasis added). Therefore, the EM has met his burden and is entitled to summary

6

judgment on the basis of collateral estoppel.

As to the state court's finding that Debtor filed a "frivolous" action as defined by § 600.2591 (3)(a)(iii) ("The party's legal position was devoid of arguable legal merit."), it is perhaps debatable whether or not such could also be deemed to have actually and necessarily litigated the elements of "willful and malicious." However, given the prior conclusion, the Court need not, and will not, opine on that issue.

Debtor's Motion for Summary Judgment

Debtor's Motion for Summary Judgment argues that he had no willful or malicious intent in filing the underlying State Court action and that, in any event, his State Court action was in fact meritorious. Debtor seeks to support his Motion by filing his own affidavit attesting to such. However, given the foregoing conclusion granting the EM's Motion for Summary Judgment, the Court will deny Debtor's Motion for Summary Judgment Motion as being moot.

Conclusions

The EM's Motion for Summary Judgment is granted and the Judgment against Debtor is nondischargeable. Debtor's Motion for Summary Judgment is denied as moot. The Court will contemporaneously enter appropriate orders.

.

**Signed on September 08, 2015**

                                        **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**